**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2903-WJM-CBS

DAVID BOYLE,

    Plaintiff,

v.

STATE FARM MUTUAL AUTO INSURANCE COMPANY,

    Defendant.

---

**ORDER *SUA SPONTE* REMANDING CASE TO DENVER DISTRICT COURT**

---

This matter is before the Court *sua sponte* on Defendant's Notice of Removal (the "Notice"). (ECF No. 1.) In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

In the Notice, Defendant avers that the Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). (ECF No. 1 ¶ 7.) Section 1332(a)(1) states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The Notice sufficiently alleges that the Plaintiff and Defendant are citizens of different states. (ECF No. 1 ¶¶ 9, 11-12.) The

only issue here is whether there is sufficient evidence that the amount in controversy exceeds $75,000.

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Here, the Complaint does not include a sum certain damages request. (ECF No. 4.) This case arises out of Defendant's delay in covering Plaintiff's claim against an insurance policy after Plaintiff was involved in an accident. Though Defendant ultimately paid the claim, Plaintiff alleges that payment was delayed for nearly three years and that Defendant wrongfully refused to provide Plaintiff a defense in the underlying action related to the accident. (ECF No. 4 at 2.) Plaintiff seeks to recover damages breach of an insurance contract, common law bad faith breach of an insurance contract, and statutory breach of an insurance contract. (ECF No. 4 at 4-5.) Specifically, Plaintiff alleges that Defendant's conduct "caused Plaintiff both economic and noneconomic damages, including without limitation, lost wages, loss of his driver's license and associated expenses, loss of the ability to live in his home, stress, pain and suffering, emotional pain and suffering, damage to his reputation, and interruption of his career." (*Id*. ¶ 15.) Plaintiff has not assigned any particular value to his damages.

As the Complaint does not establish that the amount in controversy has been satisfied, the Court therefore must look to the Notice to determine if Defendant has "affirmatively established" the amount in controversy. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). When doing so, the Court must keep in mind that the "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal

footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin*, 251 F.3d at 1289-90.

Defendant first points to the fact that Plaintiff's state court civil cover sheet alleges that this action is worth in excess of $100,000. (ECF No. 1 ¶ 16; ECF No. 1-8.) However, this Court has repeatedly held that the election of the value of a case on a civil cover sheet is insufficient to establish the amount in controversy. *See, e.g., Humphreys v. American Family Mutual Insurance Co.*, 2008 WL 2787344 at *2 (D. Colo. July 15, 2008).

Defendant also notes that Plaintiff is seeking treble damages and attorney fees, but in the absence of any reliable evidence as to Plaintiff's damages, it is impossible to say that these amounts would cause the amount in controversy to exceed $75,000. Defendant's final argument is that the fact that Plaintiff seeks non-economic damages shows that his claim will exceed $75,000. Again, there is no evidence as to an amount of damages suffered and the categories of non-economic damages pled by Plaintiff, particularly in the absence of any evidence about Plaintiff's background, employment, medical history, or prior standard of living, do not cause the Court to conclude that a jury would likely award in excess of $75,000.

The party invoking federal jurisdiction—here, the Defendant—bears the burden of proving that such jurisdiction exists. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The Court starts with the presumption that there is no sufficient basis for subject matter jurisdiction and the burden is on the removing party to establish by a preponderance of the evidence the facts necessary to demonstrate the existence of such jurisdiction. *McPhail v. Deere & Co.*, 529 F.3d 947, 954-55 (10th Cir. 2008). The

Court notes that Plaintiff's insurance claim was ultimately paid by Defendant in this case.  While Plaintiff may be able to recover for the delay in payment or the denial of a defense, as well as the damages that flow from these actions, there is no allegation in the Complaint as to the amount of any such damages.  Defendant would have the Court assume, without any evidentiary basis, that Plaintiff's claims are worth in excess of $75,000.  Given the presumption against subject matter jurisdiction, the Court finds that the Notice of Removal is insufficient to meet Defendant's burden of establishing jurisdiction.

Accordingly, the Court ORDERS that the above-captioned action is REMANDED to the District Court of the County of Denver, Colorado.

Dated this 9th day of November, 2012.

BY THE COURT:

William J. Martínez
United States District Judge